File No. 25-19-616
Kohar M. Boyadjian, Esq./048881988
COTTRELL SOLENSKY, P.A.
Three University Plaza Drive, Suite 500
Hackensack, New Jersey 07601
Phone: (976) 643-1400
Fax: (973) 643-1900
Attorneys for Defendant Walmart Inc. i/p/a Walmart

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| AHMED AHMED,<br><br>                Plaintiff,<br><br>    v.<br><br>WALMART, ABC CORPS. 1-5, JOHN DOES 1-5, (SAID NAMES BEING FICTITIOUS AS TRUE NAMES ARE UNKNOWN AT THIS TIME),<br><br>                Defendant(s). | Index No.<br><br>CIVIL ACTION<br><br>**PETITION FOR REMOVAL** |

Removing Defendant Walmart Inc. i/p/a Walmart ("Walmart"), upon information and belief, states as follows:

1. On or about February 8, 2020, Plaintiff Ahmed Ahmed commenced an action against the removing Walmart in the Superior Court of New Jersey, County of Union, bearing Docket Number UNN-L-471-21. A copy of the Complaint is annexed hereto as **Exhibit A**.

2. Plaintiff is a resident of the State of New Jersey. (See Exhibit A, Complaint).

3. Defendant Walmart is a corporation organized and existing under the laws of the State of Delaware with a principal place of business in Bentonville, Arkansas.

4. Walmart was served with Plaintiff's Complaint less than 30 days ago. A copy of the Summons is attached hereto as **Exhibit B**.

5. The amount in controversy is more than $75,000.00.

6. Accordingly, this Court has diversity jurisdiction of this action pursuant to 28 U.S.C. § 1332 and Defendants is entitled to removal of this action pursuant to 28 U.S.C. § 1441.

**WHEREFORE**, Defendant prays that this action be removed to the United States District Court for the District of New Jersey, pursuant to 28 U.S.C. § 1441 and § 1446.

**COTTRELL SOLENSKY, P.A.**
Attorneys for Defendant Walmart
Inc. i/p/a Walmart

By: _____
Kohar M. Boyadjian, Esq.
(973) 643-1400 x18
Kboyadjian@cs-njnylawfirm.com

Dated: February 15, 2021

# EXHIBIT A

**LORD, KOBRIN, ALVAREZ & FATTELL, LLC**
ROBERT A. LORD, Esq. (03155-1986)
**1283 Route 22 East**
**Mountainside, New Jersey 07092**
TELE: (908) 232-7666
FAX: (908) 232-7545
Attorneys for Plaintiff(s)

| | |
|---|---|
| AHMED AHMED, <br>     Plaintiff(s), <br><br> vs. <br><br> WALMART, ABC CORPS. 1-5, JOHN DOES 1-5, (said names being fictitious as true names are unknown at this time) <br><br>     Defendant(s). | SUPERIOR COURT OF NEW JERSEY <br> LAW DIVISION: UNION COUNTY <br> DOCKET NO.: <br><br> **CIVIL ACTION** <br><br> **COMPLAINT, DESIGNATION OF TRIAL ATTORNEY, STATEMENT FOR DAMAGES AND JURY DEMAND** |

Plaintiff, Ahmed Ahmed, 1341 North Avenue, in the City of Elizabeth, County of Union and State of New Jersey, by way of Complaint against the Defendant(s) say:

### FIRST COUNT

1. On or about the 3rd day of May 2019, Plaintiff, Ahmed Ahmed was lawfully on the premises of defendant Walmart Store No. 5447, located at 150 Harrison Avenue, Township of Kearney, County of Hudson and State of New Jersey.

2. At said time and place, plaintiff, Ahmed Ahmed was at defendant's premises at which time he slipped and fell causing him to sustain personal injuries.

3. Defendant, Walmart, it's agents, servants and employees were careless and negligent in keeping the premises properly maintained.

4. The defendants were negligent in that they:

    a. Did not keep the premises in a safe condition;

    b. Did not exercise proper care;

    c. Caused a dangerous and hazardous condition to exist;

    d. Allowed a nuisance to exist; and

    e. Failed to provide proper safeguards and/or warnings.

5. Plaintiff, Ahemd Ahmed was caused to suffer and sustain severe and disabling bodily injuries which she has been and will in the future be caused to obtain medical treatment, and has been and will in the future be caused to lose time from employment, and has been and will in the future be caused to refrain from normal pursuits.

**WHEREFORE**, plaintiff, Ahmed Ahmed demands judgment against defendant, jointly, severally or in the alternative for damages, interest, and costs of suit.

## SECOND COUNT

1. Plaintiff repeats each and every allegation of the prior count of the Complaint and incorporates the same as if set forth fully herein.

2. The defendant(s), John Does 1-5, ABC Corps. 1-5 are fictitious names intended to identify any and all parties, including individuals, corporations and/or other entities whose identities are presently unknown to the plaintiff, who together with the named defendants are responsible for the ownership, operation, control and maintenance of the defendant(s) referred to herein, or who in any way caused or contributed to plaintiff's injuries.

3. As a direct and proximate result of the negligence of the defendants aforesaid, plaintiff suffered serious physical and emotional injuries of both a temporary and permanent nature, considerable pain, anguish and suffering, shock, loss of wages and other special damages.

WHEREFORE, plaintiff, Ahemd Ahemd demands judgment jointly, severally or in the alternative against all defendants on this Count for damages, interest and costs of suit.

## DESIGNATION OF TRIAL COUNSEL

Plaintiff designates Robert A. Lord, Esq. as Trial Counsel pursuant to Rule 4:25-4.

## DEMAND FOR INTERROGATORIES

Plaintiff hereby demands answers to Uniform Interrogatories Form C and C-1.

## JURY DEMAND

Plaintiff demands trial by jury on all counts in this Complaint.

LORD, KOBRIN, ALVAREZ & FATTELL, LLC
*Attorneys for Plaintiff(s)*

/s/ ROBERT A. LORD

BY: _____
ROBERT A. LORD

Dated: February 8, 2021

## CERTIFICATION OF COUNSEL

Pursuant to Rule 4:5-1 the undersigned hereby certifies that at the time of filing this Complaint, the matter in controversy is not the subject of any other action pending in any Court and/or Arbitration proceeding.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

LORD, KOBRIN, ALVAREZ & FATTELL, LLC
*Attorneys for Plaintiff(s)*

/s/ ROBERT A. LORD

BY: _____
ROBERT A. LORD

Dated: February 8, 2021

## DEMAND FOR PRODUCTION OF DOCUMENTS

Pursuant to R.4:18-1, the Plaintiffs hereby demand that the Defendant produce the following documentation within thirty (30) days as prescribed by Rules of Court. Additionally, please be advised that the following requested are continuing and ongoing in nature and the Defendant is therefore required to continuously update its response thereto as new information or documentation.

1. **The amounts of any and all insurance coverage covering the Defendant, including but not limits to, primary insurance policies, secondary insurance policies and/or umbrella insurance policies. For each such policy of insurance, supply a copy of the declaration page there from.**
2. Copies of an and all documentation or reports, including but not limited to, police reports, accident reports and/or incident reports concerning the happening of the incident in question or any subsequent investigation of same.
3. Copies of any and all photographs, motion pictures, videotapes, films, drawings, diagrams, sketches or other reproductions, descriptions, or accounts concerning the individuals involved in the incident in question, the property damage sustained, the accident scene of anything else relevant to the incident in question.
4. Copies of any and all signed or unsigned statements, documents, communications, and/or transmissions, whether in writing, made orally or otherwise recorded by any mechanical or electronic means, made by any party to this action, any witness, or any other individual, businesses, corporation, investigative authority or other entity concerning anything relevant to the incident in question.
5. Copies of any and all documentation, including but not limited to, and contracts between the owner of the property or product involved in the incident in question and any of the parties involved.
6. Copies of any and all contracts between any of the parties involved in the incident in question.
7. Copies of any and all documentation concerning any lease agreements between the lessor(s) and the lessee(s) concerning the incident in question.
8. Copies of any and all documentation, including but not limited to, safety manuals, statutes, rules, regulation, books and/or industry standards which refer to, reflect or otherwise relate to the incident in question or any potential defense to the action in question.
9. Copies of any and all permits applied for the by the parties to the action in question concerning either the product in question, the accident scene, or anything else relevant to the happening of the accident in question.
10. Copies of any and all permits received by the parties to the action in question concerning either: the product in question, the accident scene, or anything else relevant to the happening of the accident in question.
11. Copies of any and all discovery received from any other parties to the action in question.
12. Copies of any and all reports of the Plaintiffs received by the Defendants, or any other party to this suit, from either the Central Index Bureau (C.I.B.) or from any other source.
13. Copies of any and all reports and/or other investigations performed by O.S.H.A. or any other investigative authority.

14. Copies of any and all medical information and/or documentation concerning the Plaintiffs in this matter whether it concerns any medical condition or treatment which took place before, during or after the time of the incident in question.

15. Copies of any and all records of any type subpoenaed by the Defendant or received from any other source concerning the Plaintiffs or the incident in question.

16. A list of employees present at the job site or accident site their names, addresses and job titles.

17. The reports of any and all medical experts who have reviewed and/or performed any examination in regard to any aspect of this case on behalf of Defendant or Defendant's attorney and who have submitted either oral or written report to Defendant or Defendant's attorney. In the event that a report was oral: provide a complete summary of said report.

18. If any motor vehicle violations/summons or any other summons or complaint was issued in connection with this accident or incident, provide copies of any Municipal Court plea dispositions or transcripts relating thereto.

19. Copies of any and all drawings or diagrams of the accident scene.

20. Complete and legible copies of all complaints (lawsuits) filed against these Defendants within five years prior to the incident which gives rise to this action, which complaints alleged negligent maintenance of this Defendant's premises.

Please be advised that Plaintiffs hereby object to the taking of any photographs, x-rays, or other reproductions concerning the Plaintiffs or the Plaintiffs' injuries at the time of the defense examination.

BY: */s/ ROBERT A. LORD*
 **ROBERT A. LORD**

Dated: February 8, 2021

# Civil Case Information Statement

### Case Details: UNION | Civil Part Docket# L-000471-21

**Case Caption:** AHMED AHMED VS WALMART
**Case Initiation Date:** 02/08/2021
**Attorney Name:** ROBERT A LORD
**Firm Name:** LORD, KOBRIN, ALVAREZ & FATTELL
**Address:** 1283 ROUTE 22 EAST
MOUNTAINSIDE NJ 07092
**Phone:** 9082327666
**Name of Party:** PLAINTIFF : ahmed, ahmed
**Name of Defendant's Primary Insurance Company (if known):** None

**Case Type:** PERSONAL INJURY
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 6 JURORS
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: ahmed ahmed?** NO

---

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**


**Do you or your client need any disability accommodations?** NO
    **If yes, please identify the requested accommodation:**


**Will an interpreter be needed?** NO
    **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO   **Title 59?** NO   **Consumer Fraud?** NO

---

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

02/08/2021                                                                                              /s/ ROBERT A LORD
Dated                                                                                                              Signed

**EXHIBIT B**

LORD, KOBRIN, ALVAREZ & FATTELL, LLC
**ROBERT A. LORD, ESQ. Atty I.D. 03155-1986**
**1283 ROUTE 22 EAST**
**MOUNTAINSIDE, NJ 07092**
**(908)232-7666**
Attorney(s) for Plaintiff

| | |
|---|---|
| AHMED AHMED,<br>    Plaintiff(s),<br><br>vs.<br><br>WALMART, ABC CORPS. 1-5, JOHN DOES 1-5, (said names being fictitious as true names are unknown at this time)<br><br>    Defendant(s). | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: UNION COUNTY<br>DOCKET NO.:<br><br>**CIVIL ACTION**<br><br>SUMMONS |

**From The State of New Jersey To The Defendant(s) Named Above:** WALMART

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/pro se/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

/s/ Michelle M. Smith, Esq.
Michelle M. Smith, Esq., Clerk of Superior Ct.

DATED: February 11, 2021

Name of Defendant to Be Served: **WALMART**
Address of Defendant to Be Served: 702 SW 8th St, Bentonville, AR 72712